UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Murad Y. Ameen, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>   )<br>Amphenol Printed Circuits, Inc. )<br>)<br>   Defendant. )<br>)<br>) | Docket No. 1:12-cv-00365-LM |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Amphenol Printed Circuits, Inc. ("Amphenol") answers Plaintiff's First Amended Complaint as follows:

**Parties**

1. Amphenol lacks sufficient information to form a belief as to the truth of the allegation of this paragraph and therefore denies it.

2. Admitted.

**Jurisdiction and Venue**

3. The allegation in this paragraph states a legal conclusion to which no response is required and Amphenol denies it.

4. The allegation in this paragraph states a legal conclusion to which no response is required. Further answering, Amphenol admits that it employed at least 50 employees within 75

miles of Plaintiff's worksite for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5.     Amphenol admits that venue is proper in New Hampshire, but otherwise denies the allegations in this paragraph.

**Facts**

6.     Amphenol admits that it hired Plaintiff as a temporary employee effective January 23, 2006 and as a regular employee effective April 24, 2006. Amphenol denies the remaining allegations in this paragraph.

7.     Amphenol admits that Plaintiff was paid $12.74 per hour when he began employment with Amphenol.  Amphenol denies the remaining allegations in this paragraph.

8.     Admitted.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Amphenol admits that in March 2012, Plaintiff requested and was granted two weeks of full-time FMLA leave, starting on March 12, 2012 and ending on March 23, 2012. Amphenol admits that during those two weeks, Mr. Ameen worked some half days.  Amphenol admits that in March 2012, Mr. Ameen requested and was granted an extra week of FMLA leave, from March 26, 2012 to March 30, 2012, during which he worked a half day each day. Amphenol otherwise denies the allegations in this paragraph.

13.    Amphenol admits that Mr. Risteen, a Planning Manager who did not know that Plaintiff was on leave, contacted Plaintiff during his FMLA leave regarding a scheduling matter. Amphenol otherwise denies the allegations in this paragraph.

14. Amphenol admits that Plaintiff was issued a Written Warning on April 16, 2012 and that Plaintiff concurred with the warning. The Written Warning is a document which speaks for itself, therefore Amphenol need not respond to allegations regarding its contents. Amphenol otherwise denies the allegations in this paragraph.

15. Denied.

16. Amphenol admits that Plaintiff was terminated on June 27, 2012. Amphenol admits that Mr. Ameen's FMLA leave concluded on March 30, 2012. The Employee Warning Report which terminated Plaintiff's employment is a document which speaks for itself, therefore Amphenol need not to respond to allegations regarding its contents. Amphenol otherwise denies the allegations in this paragraph.

17. Amphenol admits that Mr. Silva had given Plaintiff permission to combine his 30 minute unpaid lunch break and his 15 minute paid break. Amphenol otherwise denies the allegations in this paragraph.

18. The Employee Warning Report which terminated Plaintiff's employment is a document which speaks for itself, therefore Amphenol need not to respond to allegations regarding its contents. Amphenol otherwise denies the allegations in this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Amphenol lacks sufficient information to form a belief as to the truth of the allegation of this paragraph and therefore denies it.

## COUNT I – Violation of the FMLA (Discrimination and Retaliation)

24. Amphenol restates and incorporates by reference each of its responses to the paragraphs above as if set forth here.

25. Amphenol admits that Plaintiff was employed at Amphenol for more than 12 months before he requested FMLA leave. Amphenol lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

26. Admitted.

27. Admitted.

28. Amphenol lacks sufficient information to form a belief as to the truth of the allegation of this paragraph and therefore denies it.

29. Amphenol lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and therefore denies them. To the extent the allegations state a legal conclusion, no response is required and Amphenol denies them.

30. Denied.

31. The allegations in this paragraph state a legal conclusion to which no response is required and Amphenol denies them.

32. The allegations in this paragraph state a legal conclusion to which no response is required and Amphenol denies them.

33. The allegations in this paragraph state a legal conclusion to which no response is required and Amphenol denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiff has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2. Amphenol had a legitimate business reason for discharging the Plaintiff.

**Third Affirmative Defense**

3. Plaintiff has failed to mitigate any alleged damages and therefore such damages must be reduced in whole or in part.

**Fourth Affirmative Defense**

4. Plaintiff's conduct and lack of clean hands bars the claim asserted and/or justifies denial or diminution of damages.

**Fifth Affirmative Defense**

5. Plaintiff's claims may be barred to the extent that they include allegations that are barred by the applicable statute of limitations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Amphenol Printed Circuits, Inc. respectfully requests that this Court:

(a) dismiss the Complaint in its entirety with prejudice;

(b) award Amphenol its reasonable attorney's fees and costs incurred in defending this action; and

(c) grant Amphenol such further relief as just, warranted, and reasonable under the circumstances.

Respectfully Submitted

July 10, 2013

AMPHENOL PRINTED CIRCUITS, INC.

By Its Attorneys

TENN AND TENN, PROFESSIONAL ASSOCIATION

*/s/ Mary E. Tenn* _____
Mary E. Tenn, Esq., N.H. Bar No. 11043
16 High Street, Suite Three
Manchester, NH 03101
(603) 624 3700
marytenn@tennandtenn.com


*/s/ Jonathan D. Rosenfeld*_____
Jonathan D. Rosenfeld
Jennifer C. Brown
Wilmer Cutler Pickering Hale and Dorr LLP
60 State St.
Boston MA, 02109
(617) 526 6000
Jonathan.Rosenfeld@wilmerhale.com
Jennifer.Brown@wilmerhale.com

## Certificate of Service

I certify that a true and correct copy of the foregoing document has been electronically served upon Lauren S. Irwin and Heather M. Burns, counsel for Plaintiff Murad Ameen, through ECF on this 10th Day of July, 2013.

Dated: July 10, 2013         __*/s/ Jennifer C. Brown*_____

Jennifer C. Brown