UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

Murad Y. Ameen                              )
                                            )          Docket No.  1:12-cv-365-LM
          Plaintiff,                        )
v.                                          )
                                            )
Amphenol Printed Circuits, Inc.             )
                                            )
          Defendant.                        )
_____)

**MOTION TO COMPEL DISCOVERY RESPONSES
TO REQUESTS NOS. 3, 4, AND 10 OF PLAINTIFF'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

NOW COMES the Plaintiff, Murad Ameen, by and through his attorneys, Upton &

Hatfield, LLP, and respectfully submits the within Motion to Compel Discovery Responses, and

states as follows:

1.      On June 18, 2013, Plaintiff propounded his Third Request for Production of

Documents to Defendant, Amphenol Printed Circuits, Inc. (hereinafter "Defendant" or "APC)."

Exhibit 1.

2.      On July 25, 2013, Defendant forwarded its Response to Plaintiff's Third Request

for Production of Documents.  Exhibit 2.

3.      On July 29, 2013, counsel for Plaintiff wrote to counsel for Defendant regarding

its Responses to Requests 3, 4, and 10.  Exhibit 3.

4.      On August 5, 2013, counsel for Defendant e-mailed counsel for Plaintiff advising

that they would not be producing the documents requested in Requests nos. 3, 4, and 10 in

Plaintiff's Third Request for Production of Documents.  Exhibit 4.

5.      The parties attempted to resolve the issues via telephone conference on August 21, 2013, to no avail.

6.      In this case, Murad Ameen claims that he was terminated in retaliation for taking FMLA leave.  In defending this action, APC claims that Mr. Ameen was terminated because he took approximately 15 extra minutes of paid breaks during most work days.

7.      In Request #3, APC was asked to produce Paul Connors' ADI timecard entries and/or other documents showing the overtime hours that he worked from June 28, 2011 through June 28, 2012.  See Exhibit 1.  APC objected claiming that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and irrelevant to the claims and defenses in this lawsuit.  See Exhibit 2.

8.      In defending this lawsuit, APC has claimed that Paul Connors was the employee who notified Mr. Ameen's Supervisor, Raymond Pratt, that Mr. Ameen was allegedly taking excessive breaks.  At his deposition, Mr. Pratt testified that Paul Connors brought the issue of Mr. Ameen's breaks and lunches to Mr. Pratt's attention when Mr. Pratt was talking to Mr. Connors about the need to work overtime.  Exhibit 5, Pratt Depo. at 41.  Mr. Pratt testified that Mr. Connors seemed frustrated about people not being there and others having to work overtime.  Id.  It was at that time that Mr. Connors complained that Mr. Ameen had been outside the department for extended periods of time.  Id.  Mr. Pratt was clear that the length of Mr. Ameen's breaks and lunches came up because Mr. Pratt was discussing with Mr. Connors the need to staff and work extra hours to fill staffing gaps and get the work out. Id. at 43.

9.      If Mr. Connors was motivated to complain about Mr. Ameen because Mr. Connors had to work additional hours in 2012 due to Mr. Ameen's FMLA protected absences (and Mr. Ameen's inability to work overtime for FMLA protected reasons), the evidence is

relevant to the issue of pretext under the cat's paw theory.  *See Staub v. Proctor Hospital*, 131

S.Ct. 1186 (2011); *Madeja v. v. MPB Corporation d/b/a Split Ballbearing,*149 N.H. 371 (2003).

Records related to the overtime hours Mr. Connors worked for the year before Mr. Ameen's

termination could show that Mr. Connors' hours increased in the spring of 2012, which would be

additional evidence supporting his frustration about Mr. Ameen's absences and inability to work

overtime.  This request is clearly calculated to lead to the discovery of admissible evidence, and

APC should be compelled to produce the requested information.

      10.     In Request #4, APC was asked to produce the timecard entries and Ccure door

access records for Ray Garrity, Wayne Emonds, and Frank Brown (the three employees about

whom Mr. Connors testified during his deposition) from June 28, 2011 through June 28, 2012.

See Exhibit 1.  APC objected claiming that the request was overly broad, unduly burdensome,

not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited

in time and scope, and irrelevant to the claims and defenses in this lawsuit.  See Exhibit 2.

      11.     At his deposition, Mr. Connors claimed to be deeply disturbed by the idea that

Mr. Ameen was allegedly "cheating on his timecard" by allegedly taking an hour break/lunch

instead of 45 minutes.  Exhibit 6, Connors Depo. at 34-35.   Mr. Connors had noticed that Mr.

Ameen was not working overtime in the spring of 2012 because Mr. Connors was working on

Saturdays and Mr. Ameen was not there.  *Id*. at 44.  Mr. Connors was asked to work until 5:30

(instead of 3:30) two to three times a week when Mr. Ameen was on FMLA leave.  *Id*. at 51.

Mr. Connors claimed to monitor how much break time employees whom he supervised took and

to speak with them if they took more than the allotted break time.  *Id*. at 60.  Mr. Connors

claimed that if it happened repeatedly, he would elevate it to the supervisor.  *Id*. at 61-62.  Mr.

Connors admitted that he had spoken to Ray Garrity, Wayne Emonds and Frank Brown when

they came back five minutes late from a break.  *Id*. at 60-61.  Mr. Connors claims that it only happened once for each of those individuals.  *Id*. at 61.

12.     Plaintiff is seeking the requested timecards and Ccure door access records in order to determine whether APC treated Mr. Ameen differently from other employees because of his FMLA leave.  This is a relevant basis of discovery on the discrimination, retaliation and pretext issues.  Disparate treatment may be "competent proof that the explanation given for the challenged employment action was pretextual, provided the plaintiff-employee can make a preliminary showing that others similarly situated . . . in all relevant respects were treated [more advantageously] by the employer." *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 43-44 (1st Cir. 2001); *Aly v. Mohegan Council*, 711 F.3d 34, 46 (1st Cir. Mass. 2013).  If the records show that Mr. Garrity and/or Mr. Emonds, and/or Mr. Brown exceeded allowable break time on more than one occasion during the year prior to Mr. Ameen's termination, it will be relevant evidence to show that Mr. Connors and APC treated Mr. Ameen differently because of his use of FMLA leave.  As discussed above, Mr. Connors' motivation is relevant under the cat's paw theory.  This request is clearly calculated to lead to the discovery of admissible evidence, and APC should be compelled to produce the requested information.

13.     In Request #10, APC was asked to produce copies of the Audit Documents (related to the October, 2012 Audit) for all employees in Murad Ameen's Department of APC, including, but not limited to, Audit Documents related to Donnie Moses, as discussed by Ms. Hartlen at pp. 188-189 of her deposition.  Exhibit 7, Hartlen Depo; See Exhibit 1.  APC objected, claiming that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and that to the extent they exist, they were created

after the date of Mr. Ameen's termination and are not relevant to the claims or defenses in this lawsuit.  See Exhibit 2.

14.     Plaintiff is seeking this information in order to determine whether APC treated Mr. Ameen differently from other employees because of his FMLA leave.  See *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 43-44 (1st Cir. 2001); *Aly v. Mohegan Council*, 711 F.3d 34, 46 (1st Cir. Mass. 2013).  At her deposition, Ms. Hartlen testified that the company audited the employees in Mr. Ameen's Department in October 2012 to see if any other employees were being paid for time they were not working.  Exhibit 7, Hartlen Depo. at 188-89.  Ms. Hartlen claimed that other than Mr. Moses, she found no issues of employees taking a total of more than 45 minutes off during their shifts.  *Id*. at 189.  Ms. Hartlen testified that she thinks she checked the door access and the timecards.  *Id*.  APC's alleged concern (or lack of concern) about whether other employees were exceeding 45 minutes of break/meal time is relevant to pretext and retaliation/discrimination in this case.  The fact that the audit was allegedly done after Mr. Ameen was no longer employed does not change the fact that the evidence may establish that the company held Mr. Ameen to a higher standard than that imposed on other employees.  In addition, the results of the alleged audit may be relevant to Ms. Hartlen's credibility on a key issue. This request is clearly calculated to lead to the discovery of admissible evidence, and APC should be compelled to produce the requested information.

15.     Counsel for the Defendant does not assent to the relief requested in this Motion.

16.     No memorandum of law is attached because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.      Grant Plaintiff's Motion to Compel Discovery Responses to Requests Nos. 3, 4, and 10 to Plaintiff's Third Request for Production of Documents to Defendant;

B.      Schedule a hearing concerning Plaintiff's Motion to Compel; and

C.      Grant such other and further relief as may be equitable and just.

                                     Respectfully submitted,

                                     MURAD AMEEN, Plaintiff

                                     By His Attorneys,
                                     UPTON & HATFIELD, LLP

Date:  August 21, 2013          By: /s/ Lauren S. Irwin
                                     Lauren S. Irwin, NHBA #10544
                                     Heather M. Burns, NHBA #8799
                                     10 Centre Street, P.O. Box 1090
                                     Concord, NH 03302-1090
                                     (603) 224-7791
                                     lirwin@uptonhatfield.com

## CERTIFICATION

        I hereby certify that a copy of the foregoing was served upon counsel of record via ECF system this date.

Date:  August 21, 2013               /s/ Lauren S. Irwin
                                     Lauren S. Irwin