UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Murad Y. Ameen )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>Amphenol Printed Circuits, Inc. )<br>)<br>    Defendant. )<br>) | Docket No. 1:12-cv-365-LM |

**PLAINTIFF'S THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED UPON DEFENDANT AMPHENOL PRINTED CIRCUITS, INC.**

NOW COMES the Plaintiff, Murad Y. Ameen, by and through his attorneys, Upton & Hatfield, LLP, and pursuant to Federal Rule of Civil Procedure 34, respectfully requests that the Defendant, Amphenol Printed Circuits, Inc., produce those documents requested below, within thirty days.

**DEFINITIONS**

A.  "Document" means the original and each copy that is not identical with the original or that contains any commentary or notation that does not appear on the original of any written, printed, recorded, or graphic matter, however produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information including but not limited to correspondence, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, drafts, letters, telegrams, catalogues, manuals, telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, video tape, audio or video recordings of any kind, however made, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of or in any computer or word processing system. All attachments to documents shall be produced and shall be attached to the document(s) to which they relate.

"Document" shall be construed in a broad sense and means, without limitation, any writing or recording of any type or description, whether printed or recorded (mechanically or electronically), or reproduced by hand, and whether produced by Plaintiff or Defendant or not, including, without limitation, any letters, correspondence, telegrams, memoranda, notes, records, reports, financial statements, statistical and financial records, minutes, memoranda, notices or notes of meetings, telephone or personal conversations or conferences or other

communications, envelopes, interoffice, intra-office or intra-company communications, microfilm, microfiche, tape recordings, videotapes, photographs, bulletins, studies, plans, analyses, notices, computer records, runs, programs or software and any codes necessary to comprehend such records, runs, programs or software, books, pamphlets, illustrations, lists, forecasts, brochures, periodicals, charts, graphs, indices, bills, statements, files, agreements, contracts, sub-contracts, completed forms, schedules, work sheets, data compilations, policies, amendments to policies or contracts, training manuals, operator's manuals, user's manuals, calendars, diaries, test results, reports and notebooks, opinions or reports of consultants, and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations in whatever form. The term "document" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been input into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

      B.     "Communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivery or otherwise, including but not limited to, correspondence, conversations, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

      C.     "You" or "your" means any named defendant, including any and all agents, employees, and other persons acting or purporting to act, or having acted or purported to act, directly or indirectly, on behalf of one or more of such defendant.

      D.     "Person" includes all natural persons, as well as artificial persons of any kind, including, without limitation, corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associations, or other groups separately identified no matter how organized.

      E.     "And", as well as "or", shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

      F.     Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

      G.     "Concerning" as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

## DOCUMENT INSTRUCTIONS

A.  Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents or representatives, including without limitation, accountants, attorneys, employers, and investigators, wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable, the date, general description, the author and addressee) and indicate to the best of your ability its present or last known location or custodian.

B.  If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document; the date; identification of the author, addressee, and those shown as receiving copies thereof; a description of the subject matter; and a statement of the ground upon which each such document is considered privileged.

C.  If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

D.  All documents, which are produced, shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

E.  You are reasonably to supplement your responses as required to ensure the accuracy of all responses.

F.  Legible copies are requested to be produced in all answers.

G.  If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

H.  All documents, which are attached, shall be labeled and organized to correspond with the appropriate interrogatory answer.

## REQUESTS FOR PRODUCTION

1. Please produce copies of the ADI timecard entries for Mike Sullivan, Duane Fall, and Thanh Tran, and any other hourly employees who took smoke breaks during the workday on the second shift from March 1, 2009 to June 28, 2012.

2. Please produce copies of documents relating to any terminations authorized by Ms. Harrington and/or Mr. Pratt based upon falsification of timecards and/or excessive breaks during the last 10 years.

3. Please produce Paul Connors' ADI timecard entries and/or other documents showing the overtime hours that he worked from June 28, 2011 through June 28, 2012.

4. Please produce the timecard entries and Ccure door access records for Ray Garrity, Wayne Emonds, and Frank Brown (the three employees about whom Mr. Connors testified during his deposition) from June 28, 2011 through June 28, 2012.

5. Please produce any and all materials received by Valerie Hartlen concerning the 2006 FMLA Seminar she attended as discussed by Ms. Hartlen at p. 10 of her deposition.

6. Please produce a copy of the blank form given to Muard Ameen by Ms. Hartlen approving his FMLA leave as discussed by Ms. Hartlen at pp. 68-69 of her deposition.

7. Please produce any and all materials received by Valerie Hartlen concerning the 2012 employment law seminar given by Attorney Diana Wieland as discussed by Ms. Hartlen at p. 10 of her deposition.

8. Please produce a copy of the calendar maintained by Ms. Hartlen and/or APC showing Murad Ameen's use of FMLA leave time during the year 2012 as discussed by Ms. Hartlen at p. 114 of her deposition.

9. Please produce a copy of the warning received by Frank Brown as discussed by Ms. Hartlen at pp. 101-102 of her deposition.

10. Please produce copies of the Audit Documents (related to the October, 2012 Audit) for all employees in Murad Ameen's department of APC, including, but not limited to Audit Documents related to Donnie Moses, as discussed by Ms. Hartlen at pp. 188-189 of her deposition.

Respectfully submitted,

MURAD AMEEN, Plaintiff

By His Attorneys,
UPTON & HATFIELD, LLP

Date: June 18, 2013

By: _____
Lauren S. Irwin (NHBA #10544)
Heather M. Burns (NHBA #8799)
10 Centre Street, PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
lirwin@uptonhatfield.com

## CERTIFICATION

I hereby certify that an original and two copies of the foregoing was mailed this date, first class mail, postage prepaid, to Mary E. Tenn, Esq., Jonathan D. Rosenfeld, Esq., and Jennifer C. Brown, Esq., counsel for Defendant.

Date: June 18, 2013

_____
Lauren S. Irwin