UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Murad Y. Ameen<br><br>　　　Plaintiff,<br>v.<br><br>Amphenol Printed Circuits, Inc.<br><br>　　　Defendant. | Docket No. 1:12-cv-365-LM |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Amphenol Printed Circuits, Inc. (hereinafter "APC" or "Amphenol"), hereby responds and objects to Plaintiff Murad Ameen's Third Set of Requests for Production of Documents, dated June 18, 2013, as follows.

### GENERAL OBJECTIONS

These General Objections apply to, and are hereby incorporated by reference into, the Specific Objections and Responses to each Request as if explicitly stated therein.

1.　　Amphenol incorporates herein by reference its General Objections to Plaintiff's First Set of Requests for Production and First Set of Interrogatories.

### RESPONSES AND SPECIFIC OBJECTIONS

1.　　Please produce copies of the ADI timecard entries for Mike Sullivan, Duane Fall, and Thanh Tran, and any other hourly employees who took smoke breaks during the workday on the second shift from March 1, 2009 to June 28, 2012.

**RESPONSE TO REQUEST NO. 1**

Amphenol objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amphenol further objects to Request No. 1 to the extent that it is not reasonably limited in time and scope. Subject to and without waiving the foregoing General and Specific Objections, Amphenol responds that it will produce documents responsive to Request No. 1, which were created between January 1, 2012 and June 27, 2012, to the extent that they exist and have been located after a reasonably diligent search.

2. Please produce copies of documents relating to any terminations authorized by Ms. Harrington and/or Mr. Pratt based upon falsification of timecards and/or excessive breaks during the last 10 years.

**RESPONSE TO REQUEST NO. 2**

Amphenol objects to Request No. 2 to the extent that the term "excessive breaks" is vague and ambiguous. Amphenol objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amphenol further objects to Request No. 2 to the extent that it is not reasonably limited in time and scope. Subject to and without waiving the foregoing General and Specific Objections, Amphenol responds that it will produce documents responsive to Request No. 2, which were created between April 5, 2010 (the date of the implementation of the ADI system at Amphenol) and June 27, 2012, to the extent that they exist and have been located at this time after a reasonably diligent search.

3. Please produce Paul Connors' ADI timecard entries and/or other documents showing the overtime hours that he worked from June 28, 2011 through June 28, 2012.

**RESPONSE TO REQUEST NO. 3**

Amphenol objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Amphenol responds that it objects to producing documents responsive to Request No. 3 because such documents are irrelevant to the claims and defenses in this lawsuit.

4. Please produce the timecard entries and Ccure door access records for Ray Garrity, Wayne Emonds, and Frank Brown (the three employees about whom Mr. Connors testified during his deposition) from June 28, 2011 through June 28, 2012.

**RESPONSE TO REQUEST NO. 4**

Amphenol objects to Request No. 4 to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amphenol further objects to Request No. 4 to the extent that it is not reasonably limited in time and scope. Subject to and without waiving the foregoing General and Specific Objections, Amphenol states it objects to producing documents responsive to Request No. 4 because such documents are irrelevant to the claims and defenses in this lawsuit.

5. Please produce any and all materials received by Valerie Hartlen concerning the 2006 FMLA Seminar she attended as discussed by Ms. Hartlen at p. 10 of her deposition.

**RESPONSE TO REQUEST NO. 5**

Amphenol objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Amphenol responds that, after a reasonably diligent search, it has no documents responsive to Request No. 5.

6. Please produce a copy of the blank form given to Murad Ameen by Ms. Hartlen approving his FMLA leave as discussed by Ms. Hartlen at pp. 68-69 of her deposition.

**RESPONSE TO REQUEST NO. 6**

Subject to and without waiving the foregoing General Objections, Amphenol responds that it will produce documents responsive to Request No. 6 to the extent that they exist and have been located after a reasonably diligent search.

7. Please produce any and all materials received by Valerie Hartlen concerning the 2012 employment law seminar given by Attorney Diana Wieland as discussed by Ms. Hartlen at p. 10 of her deposition.

**RESPONSE TO REQUEST NO. 7**

Amphenol objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Amphenol will produce documents responsive to Request No. 7 to the extent that they exist and have been located after a reasonably diligent search.

8. Please produce a copy of the calendar maintained by Ms. Hartlen and/or APC showing Murad Ameen's use of FMLA leave time during the year 2012 as discussed by Ms. Hartlen at p. 114 of her deposition.

**RESPONSE TO REQUEST NO. 8**

Subject to and without waiving the foregoing General Objections, Amphenol will produce documents responsive to Request No. 8 to the extent that they exist and have been located after a reasonably diligent search.

9. Please produce a copy of the warning received by Frank Brown as discussed by Ms. Hartlen at pp. 101-102 of her deposition.

**RESPONSE TO REQUEST NO. 9**

Amphenol objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Amphenol will produce documents responsive to Request No. 9 to the extent that they exist and have been located after a reasonably diligent search.

10. Please produce copies of the Audit Documents (related to the October, 2012 Audit) for all employees in Murad Ameen's department of APC, including, but not limited to Audit Documents related to Donnie Moses, as discussed by Ms. Hartlen at pp. 188-189 of her deposition.

**RESPONSE TO REQUEST NO.10**

Amphenol objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving the foregoing General and Specific Objections, Amphenol states that it has already produced documents concerning Donnie Moses which are arguably responsive to this request. Amphenol further states that it objects to producing other documents sought in Request No. 10 because, to the extent they exist, they were created after the date of Mr. Ameen's termination and are not relevant to the claims or defenses in this lawsuit.

Date: July 25, 2013

Respectfully submitted,

AMPHENOL PRINTED CIRCUITS, INC.,
Defendant

By its Attorneys,

Wilmer Cutler Pickering Hale and Dorr LLP

By: */s/ Jennifer Brown*
Jonathan D. Rosenfeld, admitted *pro hac vice*
Jennifer C. Brown, admitted *pro hac vice*
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526 6000
Jonathan.Rosenfeld@wilmerhale.com
Jennifer.Brown@wilmerhale.com

Mary E. Tenn, NHBA #11043
Tenn and Tenn, P.A.
16 High St., Suite 3
Manchester, NH 03101
(603) 624 3700
marytenn@tennandtenn.com

## CERTIFICATION

    I hereby certify that a true and correct copy of the foregoing document has been electronically served upon Lauren S. Irwin and Heather M. Burns, counsel for Plaintiff Murad Ameen, via email on this 25th day of July, 2013.

Date: July 25, 2013

_____
Jennifer C. Brown