

# Upton & Hatfield LLP
ATTORNEYS AT LAW

**Concord Office**
10 Centre Street
PO Box 1090
Concord, NH
03302-1090
603-224-7791
1-800-640-7790
Fax 603-224-0320

*Attorneys At Law*
Gary B. Richardson
John F. Teague
James F. Raymond
Barton L. Mayer
Charles W. Grau
Bridget C. Ferns
Heather M. Burns
Lauren Simon Irwin
Matthew R. Serge
Michael S. McGrath*
Marilyn Billings McNamara
Lisa M. Hall
James A. O'Shaughnessy

**Hillsborough Office**
8 School Street
PO Box 13
Hillsborough, NH
03244-0013
603-464-5578
1-800-672-1326
Fax 603-464-3269

*Attorneys At Law*
Douglas S. Hatfield
Margaret-Ann Moran
Steven J. Venezia*

**North Conway Office**
23 Seavey Street
PO Box 2242
North Conway, NH
03860-2242
603-356-3332
Fax 603-356-3932

*Attorney At Law*
Robert Upton, II

**Portsmouth Office**
159 Middle Street
Portsmouth, NH 03801
603-436-7046
1-877-436-6206
Fax 603-431-7304

*Attorneys At Law*
Russell F. Hilliard
Justin C. Richardson

www.upton-hatfield.com
law@upton-hatfield.com

*Also admitted in MA

Please respond to the Concord office

July 29, 2013

**VIA E-MAIL AND FIRST CLASS MAIL**

Jonathan D. Rosenfeld, Esq.
Jennifer C. Brown, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Re:  Murad Y. Ameen v. Amphenol Printed Circuits, Inc.
Docket No. 1:12-cv-00365-LM

Dear Attorneys Rosenfeld and Brown:

I am writing regarding APC's responses to our Third Set of Requests for Production of Documents. Specifically, we are concerned about your responses to Requests #3, 4 and 10.

In Request #3, APC was asked to produce Paul Connors' ADI timecard entries and/or other documents showing the overtime hours that he worked from June 28, 2011 through June 28, 2012. APC objected claiming that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and irrelevant to the claims and defenses in this lawsuit.

In defending this lawsuit, APC has claimed that Paul Connors was the employee who notified Mr. Pratt that Mr. Ameen was allegedly taking excessive breaks. At his deposition, Mr. Pratt testified that Paul Connors brought the issue of Mr. Ameen's breaks and lunches to Mr. Pratt's attention when Mr. Pratt was talking to Mr. Connors about the need to work overtime. Pratt Depo. at 41. Mr. Pratt testified that Mr. Connors seemed frustrated about people not being there and others having to work overtime. *Id.* It was at that time that Mr. Connors complained that Mr. Ameen had been outside the department for extended periods of time. *Id.* Mr. Pratt was clear that the length of Mr. Ameen's breaks and lunches came up because Mr. Pratt was discussing with Mr. Connors the need to

staff and work extra hours to fill staffing gaps and get the work out. *Id.* at 43. If Mr. Connors was motivated to complain about Mr. Ameen because Mr. Connors had to work additional hours in 2012 due to Mr. Ameen's FMLA protected absences (and Mr. Ameen's inability to work overtime for FMLA protected reasons), the evidence is relevant to the issue of pretext under the cat's paw theory. *See Staub v. Proctor Hospital*, 131 S.Ct. 1186 (2011); *Madeja v. v. MPB Corporation d/b/a Split Ballbearing,* 149 N.H. 371 (2003). Records related to the overtime hours Mr. Connors worked for the year before Mr. Ameen's termination could show that Mr. Connors' hours increased in the spring of 2012, which would be additional evidence supporting his frustration about Mr. Ameen's absences and inability to work overtime. This request is clearly calculated to lead to the discovery of admissible evidence and we are, therefore, asking you to reconsider your objections and produce the requested documents.

In Request #4, APC was asked to produce the timecard entries and Ccure door access records for Ray Garrity, Wayne Emonds, and Frank Brown (the three employees about whom Mr. Connors testified during his deposition) from June 28, 2011 through June 28, 2012. APC objected claiming that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time and scope, and irrelevant to the claims and defenses in this lawsuit.

At his deposition, Mr. Connors claimed to be deeply disturbed by the idea that Mr. Ameen was allegedly "cheating on his timecard" by allegedly taking an hour break/lunch instead of 45 minutes. Connors Depo. at 34-35. Mr. Connors had noticed that Mr. Ameen was not working overtime in the spring of 2012 because Mr. Connors was working on Saturdays and Mr. Ameen was not there. *Id.* at 44. Mr. Connors was asked to work until 5:30 (instead of 3:30) two to three times a week when Mr. Ameen was on FMLA leave. *Id.* at 51. Mr. Connors claimed to monitor how much break time employees whom he supervised took and to speak with them if they took more than the allotted break time. *Id.* at 60. Mr. Connors claimed that if it happened repeatedly, he would elevate it to the supervisor. *Id.* at 61-62. Mr. Connors admitted that he had spoken to Ray Garrity, Wayne Emonds and Frank Brown when they came back five minutes late from a break. *Id.* at 60-61. Mr. Connors claims that it only happened once for each of those individuals. *Id.* at 61.

We are seeking the requested timecards and Ccure door access records in order to determine whether Mr. Ameen was treated differently than other employees because of his FMLA leave. This is a relevant basis of discovery on the discrimination, retaliation and pretext issues. Disparate treatment may be "competent proof that the explanation given for the challenged employment action was pretextual, provided the plaintiff-employee can make a preliminary showing that others similarly situated . . . in all relevant respects were treated [more advantageously] by the employer." *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 43-44 (1st Cir. 2001); *Aly v. Mohegan Council*, 711 F.3d 34, 46 (1st Cir. Mass. 2013). If the records show that Mr. Garrity and/or Mr. Emonds, and/or Mr. Brown exceeded allowable break time on more than one occasion during the year prior to Mr. Ameen's termination, it will be relevant evidence to show that Mr. Connors and APC treated Mr. Ameen differently because of his use of FMLA leave. As discussed above, Mr. Connors' motivation is relevant under the cat's paw theory. This request is clearly calculated to lead to the discovery of admissible evidence and we are, therefore, asking you to reconsider your objections and produce the requested documents.

July 29, 2013
Page 3

     In Request #10, APC was asked to produce copies of the Audit Documents (related to the October, 2012 Audit) for all employees in Murad Ameen's Department of APC, including, but not limited to, Audit Documents related to Donnie Moses, as discussed by Ms. Hartlen at pp. 188-189 of her deposition. APC objected claiming that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and that to the extent they exist, they were created after the date of Mr. Ameen's termination and are not relevant to the claims or defenses in this lawsuit.

     We are seeking this information in order to determine whether Mr. Ameen was treated differently than other employees because of his FMLA leave. See *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 43-44 (1st Cir. 2001); *Aly v. Mohegan Council*, 711 F.3d 34, 46 (1st Cir. Mass. 2013). At her deposition, Ms. Hartlen testified that the company audited the employees in Mr. Ameen's Department in October 2012 to see if any other employees were being paid for time they were not working. Hartlen Depo. at 188-89. Ms. Hartlen claimed that other than Mr. Moses, she found no issues of employees taking a total of more than 45 minutes off during their shifts. *Id.* at 189. Ms. Hartlen thinks she checked the door access and the timecards. *Id.* APC's alleged concern (or lack of concern) about whether other employees were exceeding 45 minutes of break/meal time is relevant to pretext and retaliation/discrimination in this case. The fact that the audit was allegedly done after Mr. Ameen was no longer employed does not change the fact that the evidence may establish that the company held Mr. Ameen to a standard that was not imposed on other employees. In addition, the results of the alleged audit may be relevant to Ms. Hartlen's credibility on a key issue. This request is clearly calculated to lead to the discovery of admissible evidence and we are, therefore, asking you to reconsider your objections and produce the requested documents.

     Please let us know your position on these three requests by August 19, 2013. We plan to file a motion to compel, if necessary, on these issues by the end of that week.

                              Very truly yours,

                              Lauren Simon Irwin

LSI:mrs2
cc:    Mary E. Tenn, Esq. (via e-mail only)
       Murad Y. Ameen (via e-mail only)
       Heather M. Burns, Esq.